UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY B. CHAMBERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-01237-ACL |
| | ) | |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented petitioner Jerry Chambers's motion for leave to proceed *in forma pauperis* ("IFP motion") [Doc. 3] and for review of the complaint [Doc. 1]. For the following reasons, the Court will deny the IFP motion and dismiss the complaint.

## I. IFP MOTION

Petitioner submitted a certified account statement [Doc. 4], which shows that he has sufficient funds to pay the $5.00 filing fee for a habeas case. Therefore, the IFP motion is denied. The agency having custody of petitioner shall forward the $5.00 filing fee to the Clerk of Court.

## II. BACKGROUND

Petitioner is a state prisoner incarcerated at the Western Reception Diagnostic and Correctional Center in St. Joseph, Missouri. [Doc. 1]. He is serving a ten-year

sentence imposed on March 15, 2018, in the Circuit Court of Warren County, Missouri, case no. 14BB-CR00180-01. [Doc. 1 at p. 6]. According to Missouri case.net, the state sentence was ordered to run concurrent with a federal sentence imposed in this district by Judge Autrey in case no. 4:11-cr-00250-HEA. Petitioner completed his federal sentence on May 17, 2024, and was taken into state custody to serve the state sentence. [*Id.*].

Petitioner alleges that the Missouri Department of Corrections maintains inaccurate information in his prison file regarding his federal sentence. [*Id.* at pp. 3-4]. He claims that he has been denied statutory credits available to him under § 558.031 RSMo because of that inaccurate information.

## III. DISCUSSION

Petitioner's claim pertains to the manner in which his sentence is being executed, a claim appropriately filed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. A petition under § 2241 "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him, and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Petitioner is incarcerated at a state correctional facility within the jurisdictional boundaries of the Western District of Missouri. The state sentence was imposed by the Circuit Court of Warren County, located within the jurisdictional

boundaries of the Eastern District of Missouri. Consequently, this Court has concurrent jurisdiction.

A court may summarily dismiss a § 2241 petition on initial review without ordering a response if "it appears from the application [for a writ of habeas corpus] that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A federal court does not have jurisdiction to issue a writ of habeas corpus to a person in state custody unless the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

After careful review of the complaint, the Court concludes that petitioner's claim is not cognizable in a federal habeas proceeding because it concerns the computation of jail-time credit under § 558.031 RSMo for his state sentence, a matter governed by state law. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (finding petitioner's claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"); *Pate v. Missouri Dept. of Corr.*, 4:26-cv-01267-HEA, 2026 WL 2754167 (E.D. Mo. Sept. 17, 2026) (finding petitioner's claim for jail-time credit under § 558.031 RSMo not cognizable in a federal habeas proceeding). Because petitioner's claim for relief is not cognizable in this Court, the complaint will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in*

*forma pauperis* [Doc. 3] is **DENIED**. The agency having custody of petitioner shall forward the $5.00 filing fee to the Clerk of Court. The Clerk of Court shall mail a copy of this Order to the attention of the trust fund account officer at the Western Reception Diagnostic and Correctional Center.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED with prejudice**. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would be frivolous and not filed in good faith.

**SO ORDERED** this 8th day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE